IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOE TONGISH as the special administrator of the Estate of Wilma Tongish, deceased, and DENIS W. TONGISH, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:06CV365 |
| vs. | ) ) | ORDER |
| EDWARD SCOTT CARROL, D.O., GOOD SAMARITAN HEALTH SYSTEMS, INC. and KEARNEY HEART & LUNG SURGEONS, P.C., | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' motions requesting a change in the place of trial to North Platte, Nebraska (Filing Nos. 11, 19 and 20). The defendants filed affidavits (Exhibit A to each motion) in support of the requests. The plaintiffs filed a brief (Filing No. 15) in opposition to the first motion.

## BACKGROUND

According to the allegations in the complaint, Wilma Tongish died on August 23, 2004, of complications after Dr. Carroll performed aortic valve replacement surgery. **See** Filing No. 1. The plaintiffs allege the surgery was performed negligently and the defendants provided negligent post-operative care, resulting in numerous post-surgical complications. Based on these allegations, the plaintiffs allege medical malpractice and negligence.

As part of the complaint, the plaintiffs requested trial by jury in Omaha, Nebraska. **See** Filing No. 1. With each of their answers, the defendants filed a motion requesting the place of trial be changed to North Platte, Nebraska. **See** Filing Nos. 11, 19 and 20. The plaintiffs filed a response in opposition to a change in the place of trial but did not file an affidavit in support of their designation for place of trial describing, with specific factual support, how trial would be more convenient in Omaha under NECivR 40.1(b).

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action . . . shall make written request for trial of the case at Omaha, Lincoln, or North Platte.  Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, . . . may file a written request for trial at Omaha, Lincoln, or North Platte.  If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel."  NECivR 40.1(b)(2).  Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another.  **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district.  *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight.  **Standard Office Sys. v. Ricoh Corp.**, 742 F. Supp. 534, 537 (W.D. Ark. 1990).  The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted.  **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)).  The plaintiff's choice of forum is given great weight and

should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. **BASF Corp. v. Symington**, 50 F.3d 555, 557 (8th Cir. 1994); **Gen. Comm. of Adjustment v. Burlington N.R.R.**, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. **Nelson**, 747 F. Supp. at 535 (**citing Van Dusen v. Barrack**, 376 U.S. 612, 646 (1964)); **General Comm.**, 895 F. Supp. at 252; **see also Ferens v. John Deere Co.**, 494 U.S. 516, 522-23 (1990).

The plaintiffs are residents of the State of Kansas. **See** Filing No. 1 ¶¶ 1-2. Herndon, Kansas, the decedent's last address, is closer to North Platte than to Omaha. **See** Filing No. 11 ¶ 5. The defendants are located in Kearney, Nebraska. Many of the principal witnesses will be employees of the Good Samaritan Hospital in Kearney, Nebraska. **See** Filing No. 11 ¶ 3. Kearney, Nebraska is closer to North Platte than to Omaha. **Id.** Counsel for the defendant Good Samaritan Health Systems, Inc. is located in Lincoln, Nebraska. Counsel for the remaining parties are located in Omaha, Nebraska.

The plaintiffs argue the expense of having their expert witnesses testify in North Platte, Nebraska, would place an undue financial burden on them. Whereas, the defendants would not suffer an undue financial burden by holding trial in Omaha. However, the plaintiffs do not state the name or location of their expert witnesses or whether such witnesses are expected to testify live or by deposition. The plaintiffs also make arguments based upon 28 U.S.C. § 1404, which do not apply in this matter because the defendants do not seek to move the case outside the District of Nebraska. Particularly, the arguments whether there is new evidence supporting a change in place of trial to North Platte, whether the North Platte division of the District of Nebraska has jurisdiction over this case, and whether proper service of the defendants has been effected are not germane to a request under NECivR 40.1(b).

The convenience of the parties and witnesses, on the basis of the affidavits before the court, appears to favor North Platte. The relative convenience of trial in North Platte outweighs the convenience to the plaintiffs and their counsel of having trial in Omaha. After reviewing the materials submitted by the parties at this time, the court finds that, upon

consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be North Platte, Nebraska.  Accordingly,

**IT IS ORDERED:**

1. Good Samaritan Health Systems, Inc.'s Request for Location of Trial (Filing No. 11) is granted.

2. Edward Scott Carroll, D.O.'s Request for Location of Trial (Filing No. 19) is granted.

3. Kearney Heart & Lung Surgeons, P.C.'s Request for Location of Trial (Filing No. 20) is granted.

4. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is North Platte, Nebraska.

DATED this 26th day of July, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge